FILED

ERIC EDBORG 949.356.2138
31261 BROOKS ST
LAGUNA BEACH, CA 92651
*Defendants, In Pro Se*

2019 MAY -7 AM 9:28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HART<br><br>PLAINTIFF,<br><br>VS.<br><br>ERIC EDBORG, AGNES FIROUZ DOES 1 TO 5<br><br>DEFENDANTS | Case No.: **SACV19-00849 JLS (ADSx)**<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1446 (d)]<br>Calif. CCP 430.90]<br><br>from the ORANGE County Superior Court,<br>Case #: **30.2019.01060164.CU.UD.CJC** |

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendants ERIC EDBORG, and Plaintiff ERIC HART are those parties in a California State Court filed in the ORANGE County Superior Court, CENTRAL JUSTICE CENTER, concerning real property located at 31261 BROOKS ST LAGUNA BEACH, CA 92651

1

[NOTICE OF REMOVAL]

2. Defendant ERIC EDBORG is the former tenant of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court against the former tenant of the premises, Defendant ERIC EDBORG is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

HENRY M. KIM ESQ 949.759.1080
16520 BAKE PARKWAY STE 280
IRVINE, CA 92606

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the

        purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

   b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ` notice be given [PTFA 701(a)(a)]

   c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

   d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit.

Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior Court Court, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to

express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

    a. Defendant ERIC EDBORG is a member of a protected

       class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b.   The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by

    i. The language of the PTFA, particularly 702(a),

    ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and

    iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly where here, as in Civil Rights legislation, Congress intended to occupy the filed and break tradition, with a bold new law

intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremecy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facide case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, ERIC EDBORG is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

DATED: 5-7-19

*Eric Edborg*
ERIC EDBORG, In Pro Se

8

[NOTICE OF REMOVAL]

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 65 Pine Ave Suite 171 Long Beach, CA 90802

On 5-7-19 I served the foregoing document(s) described as: **NOTICE OF REMOVAL** to the following parties:

HENRY M. KIM ESQ 949.759.1080
16520 BAKE PARKWAY STE 280
IRVINE, CA 92606

[ X ] (By U.S. Mail) I deposited such envelope in the mail at Long Beach, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 5-7-19

Francisco Bourne

UD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>HENRY H. KIM, ESQ. 284135<br>RUZICKA, WALLACE & COUGHLIN, LLP.<br>16520 BAKE PARKWAY, SUITE 280<br>IRVINE, CA 92618<br>TELEPHONE NO.: (949) 759-1080   FAX NO. (Optional): (949) 759-6813<br>E-MAIL ADDRESS (Optional): EFILING@RWCLEGAL.COM<br>ATTORNEY FOR (Name): PLAINTIFF | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**03/27/2019 at 04:52:38 PM**<br><br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE COUNTY<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: CENTRAL JUSTICE CENTER - LIMITED CIVIL | |
| PLAINTIFF: ERIC HART | |
| DEFENDANT: ERIC EDBORG, AGNES FIROUZ | |
| [X] DOES 1 TO 5 | |
| **COMPLAINT - UNLAWFUL DETAINER***<br>[X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): | CASE NUMBER:<br>30-2019-01050164-CU-UD-CJC |

Jurisdiction (check all that apply):
[ ] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded   [ ] does not exceed $10,000
                      [ ] exceeds $10,000 but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF (name each): ERIC HART

   alleges causes of action against DEFENDANT (name each):
   ERIC EDBORG, AGNES FIROUZ

2. a. Plaintiff is   (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                     (2) [ ] a public agency.                          (5) [ ] a corporation.
                     (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   31261 BROOKS STREET
   LAGUNA BEACH CA 92651
   ORANGE

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 03-26-2015                         defendant (name each):
      ERIC EDBORG, AGNES FIROUZ

      (1) agreed to rent the premises as a [ ] month-to-month tenancy   [X] other tenancy (specify): 12 MONTH LEASE
      (2) agreed to pay rent of $   8800.00   payable [X] monthly   [ ] other (specify frequency):
      (3) agreed to pay rent on the [X] first of the month   [ ] other day (specify):
   b. This [X] written   [ ] oral   agreement was made with
      (1) [X] plaintiff.                                        (3) [ ] plaintiff's predecessor in interest.
      (2) [ ] plaintiff's agent.                                (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT - UNLAWFUL DETAINER** | Page 1 of 3<br>Civ. Code, § 1940 et seq.,<br>Code of Civ. Procedure, §§ 425.12, 1166<br>www.courtinfo.ca.gov |

EDBORG 19-1279

| PLAINTIFF (Name): ERIC HART | CASE NUMBER |
|---|---|
| DEFENDANT (Name): ERIC EDBORG, AGNES FIROUZ | |

6. c. [X] The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) [X] other (specify): UNAUTHORIZED OCCUPANTS
   d. ☐ The agreement was later changed as follows (specify):

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [X] (For residential property) A copy of the written agreement is not attached because (specify reason):
      (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
      (2) [X] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each): ERIC EDBORG, AGNES FIROUZ

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit          (4) [X] 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                      (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                      (6) ☐ Other (specify):
   b. (1) On (date): 03/21/2019   the period stated in the notice expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☐ by personally handing a copy to defendant on (date):
   (2) [X] by leaving a copy with (name or description): JANE DOE
      a person of suitable age and discretion, on (date): 03/18/2019   at defendant's
      [X] residence  ☐ business AND mailing a copy to defendant at defendant's place of residence on
      (date): 03/18/2019   because defendant cannot be found at defendant's residence or usual place of business.
   (3) ☐ by posting a copy on the premises on (date):   ☐ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on (date):
      (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
      (b) ☐ because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.
   b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

**COMPLAINT - UNLAWFUL DETAINER**

EDBORG 19-1279

| PLAINTIFF (Name): ERIC HART | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): ERIC EDBORG, AGNES FIROUZ | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 17,600.00

11. ☒ The fair rental value of the premises is $ 293.33 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS
   a. possession of the premises.
   b. costs incurred in this proceeding.
   c. ☒ past-due rent of $ 17,600.00
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.
   f. ☒ damages at the rate stated in item 11 from (date): 04/01/2019 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☒ other (specify): SUCH OTHER AND FURTHER RELIEF THE COURT MAY DEEM JUST AND PROPER.

18. ☒ Number of pages attached (specify): 2

UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. (Complete in all cases.) An unlawful detainer assistant ☒ did not   ☐ did   for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)

   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone No.:
   d. County of registration:
   e. Registration No.:
   f. Expires on (date):

Date: 03/26/2019

HENRY KIM, ESQ.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/26/2019

ERIC S. HART
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)

COMPLAINT - UNLAWFUL DETAINER

EDBORG 19-1279